IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LESTER JON RUSTON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CV-1582-M |
| | ) | ECF |
| DALLAS COUNTY, | ) | |
| Defendant. | ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this

case has been referred to the United States Magistrate Judge.  The findings, conclusions, and

recommendation of the Magistrate Judge follow:

## FINDINGS AND CONCLUSIONS

### I.    Parties

Plaintiff, Lester John Ruston, ("Plaintiff") brings this complaint pursuant to 42 U.S.C. §

1983 against Defendant, Dallas County, Texas ("Dallas County").  Plaintiff is confined in a

Federal Correctional Institution in Springfield, Missouri, and is proceeding pro se.

### II.    Statement of the Case

Plaintiff has previously filed numerous frivolous civil actions.[1]  He is barred from filing

---

[1]  See e.g., *Ruston v. Bush, et al.*, No. 3:01-CV-1052 (N.D. Tex. Aug. 29, 2001); *Ruston v. Collin County Tex.*, No. 3:01-CV-1495 (N.D. Tex. Sept. 6, 2001); *Ruston v. Bush*, No. 3:01-CV-1818 (N.D. Tex. Jan. 23, 2002); *Ruston v. Texas*, et al, No. 3:01-CV-1977 (N.D. Tex. July 25, 2002); *Ruston v. Dallas County, et al.*, No. 3:01-CV-2087 (N.D. Tex. Oct. 15, 2002); *Ruston v. Continental Motel, et al*, No. 3:02-CV-2349 (N.D. Tex. Feb. 28, 2003); *Ruston v. Dallas County, et al.*, No. 3:04-CV-1437 (N.D. Tex. Aug. 26, 2004); *Ruston v. United States*, No. 3:04-CV-1453 (N.D. Tex. Sept. 3, 2004); *Ruston v. Dallas County Sheriff's Dept., et al.*, No. 3:04-CV-1462 (N.D. Tex. March 8, 2005); *Ruston v. Dallas County Sheriff's Dept.*, No. 3:04-CV-1517 (N.D. Tex. Aug. 26, 2004); *Ruston v. United States*, No. 3:04-CV-1522 (N.D. Tex. Oct. 15,

suit in the Northern District of Texas without first obtaining permission.  *See Ruston v. U.S.A.*, No. 3:05-CV-0328-G (N.D. Tex.) (Order entered March 3, 2005).  Plaintiff filed this action against Dallas County in state court, and Dallas County removed it here because it contained federal claims. On September 13, 2006, Plaintiff filed an Amended Complaint.  Although Plaintiff's Amended Complaint purports to name thirty-two defendants, Plaintiff did not seek leave to add the defendants at the time the amended complaint was filed.  The Court denied Plaintiff's later motion to add defendants.  Moreover, the only Defendant upon whom Plaintiff even purports to have obtained service is Dallas County.  Accordingly, assuming Plaintiff properly served Dallas County,[2] the only defendant in this case is Dallas County.

**III.    Motion to Dismiss for Failure to State a Claim**

Dallas County seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a

---

2004); *Ruston v. Dallas County Sheriff's Dept.*, No. 3:04-CV-1530 (N.D. Tex. Nov. 8, 2004); *Ruston v. Dallas County, et al*, No. 3:04-CV-1580 (N.D. Tex. Oct. 1, 2004); *Ruston v. Dallas County, et al*., No. 3:04-CV-1660) (N.D. Tex. Nov. 9, 2004); *Ruston v. Dallas County, et al*., No. 3:04-CV-1690 (N.D. Tex. Oct. 21, 2004); *Ruston v. Dallas County, et al*., No. 3:04-CV-1804 (N.D. Tex. Nov. 19, 2004); *Ruston v. United States*, No. 3:04-CV-1804 (Nov. 19, 2004); *Ruston v. Dallas County Sheriff's Dept., et al*., No. 3:04-CV-1839 (N.D. Tex. Sept. 27, 2004): *Ruston v. United States*, No. 3:04-CV-2568 (N.D. Tex. Dec. 17, 2004); *Ruston v. Dretke*, No. 3:04-CV-2757 (N.D. Tex. March 8, 2005); *Ruston v. United States*, No. 3:05-CV-221 (N.D. Tex. Feb. 17, 2005); *Ruston v. United States*, No. 3:05-CV-306 (N.D. Tex. March 2, 2005); *Ruston v. United States*, No. 3:05-CV-328 (N.D. Tex. March 2, 2005); *Ruston v. United States Secret Service*, No. 3:06-CV-238 (N.D. Tex. July 7, 2006); *Ruston v. Gonzalez*, No. 3:06-CV-1350 (N.D. Tex. Aug. 11, 2006).  *See also United States v. Ruston*, No. 3:01-MJ-0156 (N.D. Tex. May 22, 2001); *United States v. Ruston*, No. 3:01-MJ-00156-1 (N.D. Tex. May 22, 2001); *United States v. Ruston*, No. 3:04-MJ-00195 (N.D. Tex., filed May 24, 2004); *United States v. Ruston*, No. 3:04-MJ-00195-1, (N.D. Tex., sealed complaint filed May 24, 2004); *Ruston v. United States*, No. 3:06-CV-1608 (N.D. Tex., Nov. 2, 2006).

[2] Dallas County has moved for dismissal for improper service under FED. R. CIV. P. 12(b)(4) and for failure to state a claim under FED. R. CIV. P. 12(b)(6).  The Court will assume proper service for purposes of considering the 12(b)(6) motion.

claim.  The Court has considered Plaintiff's response in opposition, supplemental response, and

second supplemental response.  A motion to dismiss for failure to state a claim under FED. R. CIV.

P. 12(b)(6) is viewed with disfavor and is rarely granted.  *Lowrey v. Texas A&M Univ. Sys.*, 117

F.3d 242, 247 (5th Cir. 1997).  A district court cannot dismiss a complaint, or any part of it, for

failure to state a claim upon which relief can be granted unless it appears beyond doubt that the

plaintiff can prove no set of facts in support of the complaint which would entitle him to relief.

*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931

(5th Cir. 1995).  In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts

in the complaint as true and view them in the light most favorable to the plaintiff.  *Baker v.*

*Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  In ruling on such a motion, the court cannot look

beyond the face of the pleadings.  *Baker*, 75 F.3d at 196; *Spivey v. Robertson*, 197 F.3d 772, 774

(5th Cir. 1999).  The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a

valid cause of action when it is viewed in the light most favorable to the plaintiff and with every

doubt resolved in favor of the plaintiff.  *Lowrey*, 117 F.3d at 247.  A plaintiff, however, must

plead specific facts, not mere conclusory allegations, to avoid dismissal.  *Guidry v. Bank of*

*LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

Dismissal is warranted if a plaintiff has (1) been given the opportunity to plead his best

case, (2) made specific and detailed allegations constituting his best case, and (3) still fails to state

a claim.  *See Jacquez v. Procunier*, 801 F.2d 789, 792-93 (5th Cir. 1986)( recognizing that

dismissal is required if a plaintiff has had fair opportunity to make his case, but has failed);

*Morrison v. City of Baton Rouge*, 761 F.2d 242, 246 (5th Cir. 1985) (assuming that the specific

allegations of the amended complaint constitute the plaintiff's best case).

In this case, Plaintiff has been given the opportunity to state his best case.  Plaintiff brings suit pursuant to 42 U.S.C. § 1983 and claims that various defendants engaged in violations of R.I.C.O, 18 U.S.C. § 1962.[3]  Plaintiff also makes conclusory allegations of a conspiracy that began in 1998.  Although Plaintiff alleges that the conspiracy continues to the present, the "facts" alleged in paragraphs six through thirty-five of the complaint occurred before July 2004.  (Amended Compl.¶¶ 6 - 34.)  All of the allegations involve various arrests and court proceedings in which Plaintiff has been involved during that time, and include conclusory allegations of witness tampering, illegal suppression of evidence, forcing counsel on defendants, covering up an assault and battery, stalking, and similar acts.  Plaintiff appears to be under the mistaken assumption that Dallas County prosecutes and tries criminal defendants and defendants in civil competency proceedings.

## IV.  Analysis

### Statute of Limitations

Plaintiff filed this case in state court on July 5, 2006.  Congress has not provided a statute of limitations for civil rights actions brought under § 1983; therefore, federal courts adopt the forum state's general personal injury limitations period.  *Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Piotrowski v. City of Houston*, 51 F.3d 512, 514 n.5 (5th Cir. 1995).  In Texas, the applicable limitation period is two years.  TEX. CIV. PRAC. & REM. CODE § 16.003(a);

---

[3] To state a civil R.I.C.O. claim, a plaintiff must allege (1) the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.  *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985); *Crocker v. F.D.I.C.*, 826 F.2d 347, 349 (5th Cir. 1987). In addition, a plaintiff must meet the standing requirement set out in § 1964(c).  A plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property "by reason of" the commission of predicate acts.  *Sedima*, 473 U.S. at 496.  Plaintiff does not allege any predicate act attributable to Dallas County that injured Plaintiff in his business or property.

*Piotrowski*, 51 F.3d at 514 n.5.  Accordingly, any claims which accrued more than two years

before July 5, 2006, are barred by the statute of limitations.

Although state law determines the applicable limitation period for a civil rights claim, the

claim accrues in accordance with federal law.  *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir.

1993).  Under federal law, a cause of action accrues when the plaintiff knows or has reason to

know of the injury which is the basis of the action.  *Id.*  In this case, Plaintiff should have known

the "facts" of which he complains in paragraphs six through thirty-five beginning in May 1998

and ending on July 4, 2004, the last day before the statute of limitations ran.  Therefore,

Plaintiff's claims for civil rights violations that occurred before July 5, 2004, should be dismissed

with prejudice as barred by the statute of limitations.

### Failure to Allege a Factual or Legal Basis for Dallas County's Liability

Plaintiff has failed to allege a factual or legal basis for any claims against Dallas County

from July 5, 2004 to the date this action was filed.  (Amended Compl. ¶¶ 36-40.)  For a

governmental entity such as a county to be liable for the misconduct of one of its employees, the

government entity must have "an official policy, practice, or custom" which could subject it to §

1983 liability for an injury, and the official must be acting pursuant to that policy, practice, or

custom.  *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690-94 (1978).  Second, the plaintiff must

link the official policy to the constitutional violation that directly causes the injury.  *Id.*  Finally,

the official policy must reflect the government entity's deliberate indifference to that injury.  *Hare*

*v. City of Corinth,* 74 F.3d 633, 649 n.4 (5th Cir.1996) (en banc)(citing *Farmer,* 511 U.S. at 841).

The plaintiff must specifically describe the policy or custom and its relationship to the underlying

constitutional violation; moreover, the description cannot be conclusory but must contain specific

facts.  *See Spiller v. City of Texas City Police Dept.*, 130 F.3d 165, 167 (5th Cir. 1997).  To

establish a common law civil conspiracy claim, a plaintiff must demonstrate the existence of an

agreement (or meeting of the minds) of two or more people to accomplish an unlawful act, as well

as at least one unlawful act in furtherance of the conspiracy, and damages.  *See*, *e.g.*, *Gilbrook v.*

*City of Westminster*, 177 F.3d 839, 856 (9th Cir. 1999); *Nelson v. Fontenot*, 784 F. Supp. 1258,

1261 (E.D. Tex. 1992).

 The allegations of Dallas County's liability in Plaintiff's Amended Complaint do not meet

these requirements.  In paragraphs thirty-six through forty, Plaintiff alleges that Bill Hill

fraudulently indicted Plaintiff and that Plaintiff was subjected to an unconstitutional competency

proceeding.  These allegations involve state, not Dallas County, proceedings.  Plaintiff also

complains of an assault by other inmates in the Dallas County Jail, but he does not allege any

facts which show what Dallas County did or failed to do which would make it accountable for the

alleged assault.  Plaintiff's mere conclusory allegations of a conspiracy are not sufficient to state a

claim.  He has not alleged any facts to show an agreement or meeting of the minds of Dallas

County officials that is attributable to Dallas County, much less an illegal act in furtherance of the

agreement.  Moreover, he has not alleged facts to show an official policy or custom of Dallas

County that directly caused a constitutional violation and that reflects deliberate indifference.

Accordingly, Plaintiff's claims against Dallas County, to the extent he states any claims that are

not barred by the statute of limitations, should be dismissed with prejudice for failure to state a

claim.

## RECOMMENDATION

 The Court recommends that Dallas County's Motion to Dismiss be granted.  Plaintiff's

claims pursuant to 42 U.S.C. § 1983 that occurred before July 5, 2004, should be dismissed with prejudice as barred by the statute of limitations, and Plaintiff's remaining claims should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).  All pending motions should be denied as moot.

Signed January 10, 2007.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on Plaintiff by mailing a copy to him by United States Mail.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).